IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-CR-319 (JCC) |
| | ) | |
| YAFET ALEM, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

On February 26, 2015, Defendant Yafet Alem was
sentenced to 40 months in prison for one count of wire fraud.
This matter is now before the Court on Alem's motion, filed by
counsel, to supplement the PSR to "reflect his drug
usage/addiction in and around the time of his offense." (Def.'s
Mot. [Dkt. 38] at 1.) Alem contends that he has abused
oxycodone since 2012 and asks the Court to direct the probation
office to supplement his pre-sentence report ("PSR") with
information about his drug addiction so that the Bureau of
Prisons can adequately determine whether Alem would benefit from
drug treatment while incarcerated. (Id. at 2-4.) Alem has not
identified any persuasive authority for his request. For the
following reasons, the Court will deny the motion.

### I. Legal Standard

Amendment of a Presentence Report is governed by Rule
32 of the Federal Rules of Criminal Procedure. Rule 32(f)(1)

states that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information . . . contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). Moreover, "[a]t sentencing, the court must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). After such verification, the court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D).

Any objection to the Presentence Report after sentence has been imposed is untimely and the Court is without jurisdiction to consider it. See United States v. Newton, No. 1:08CR332, 2013 WL 5205768, at *1 (M.D.N.C. Sept. 13, 2013) (citing cases); see also United States v. Jarrett, Nos. 89-6705, 89-7068, 1990 WL 64694, at *1 (4th Cir. Apr. 20, 1990) (finding that Rule 32 does not give the district court "independent jurisdiction" to consider a post-sentencing challenge to errors in defendant's pre-sentence report).

## II. Analysis

Here, on at least three different occasions, Alem met with the probation office to review the material included in his PSR before his sentencing, and at no time did Alem disclose an opiate addiction. Notably, on October 30, 2014, the probation

office collected a urine specimen from Alem that tested negative
for amphetamines, cannabinoids, cocaine, opiates, oxycodone, and
phencyclidine.  Certainly, if Alem had abused oxycodone since
2012, it is more likely than not that his urinalysis specimen
would have tested positive for oxycodone.  Most importantly,
during the sentencing hearing and in accordance with Rule 32,
the Court engaged in the following colloquy with Alem:

> **The Court:** Mr. Alem, have you had a chance
> to read your presentence report?
>
> **The Defendant:** Yes.
>
> **The Court:** Have you gone over it with . . .
> your lawyer?
>
> **The Defendant:** Yes.
>
> **The Court:** Do you feel the report fully
> covers your background?
>
> **The Defendant:** Yes.
>
> **The Court:** You feel it fully covers your
> offense conduct?
>
> **The Defendant:** Yes.
>
> **The Court:** All right. Do you have any
> additions, corrections, or comments to the
> report?
>
> You want to let [your attorney] make them
> for you?
>
> **The Defendant:** Yes.

Tr. at 3-4.  The Court then heard, and subsequently overruled,
Alem's objection to the two-level enhancement for obstruction of

3

justice and three-level loss for acceptance of responsibility, which did not implicate any alleged drug dependence. At no time did Alem, or his attorney, object to the PSR's omission of any substance abuse information. Now, almost four months after sentencing, it is too late.

Moreover, quite simply, the Court does not believe Alem, due, at least in part, to his past willingness to blatantly lie to <u>this</u> Court.[1] Specifically, after his plea hearing, Alem represented to the Court that he had lost his passport. The Court ordered Alem to surrender the passport, if found, to the Probation Officer. This, he did not do. Instead, approximately two weeks before his sentencing hearing, Alem absconded in violation of his conditions of release to Philadelphia, Pennsylvania to board a flight ultimately bound for Addis Ababa, Ethiopia. Federal law enforcement agents discovered his passport and approximately $1,300 in cash when he was apprehended. Thus, Alem willfully made misrepresentations and false promises to this Court. Similarly, Alem's underlying wire fraud offense was predicated on misrepresentations and false promises to various individuals. In short, Alem's opportunity to be forthright has passed. All indications lead

---

[1] The Court also finds the timing of Defendant's request curious. Defendant has been incarcerated now for approximately four months, which is more than enough time to learn that successful completion of the Bureau of Prison's Residential Drug Abuse Program could shorten his sentence of incarceration.

the Court to conclude that Alem, who is no stranger to fabrication, recently manufactured this "opiate addiction" in the interest of self-preservation and less time incarcerated.

Regardless of Alem's true motivations, in view of the plain meaning of Rule 32, which requires a defendant to object to any inaccuracies in the PSR fourteen days after receiving it, and established case law denoting that the Court does not have jurisdiction under Rule 32 to revise a PSR after a sentence has been imposed, the Court finds that Alem's instant request to modify, supplement, or delete language in his PSR is untimely. Accordingly, the Court will deny Alem's motion.

### III. Conclusion

For the foregoing reasons, the Court will deny Alem's motion.

An appropriate Order shall issue.

_____
                                /s/
June 15, 2015                James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE